# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-24680-GAYLES

**LIVING TREE LABORATORIES, LLC,**

   **Plaintiff and Counter-Defendant,**

v.

**UNITED HEALTHCARE SERVICES, INC., et al.**

   **Defendants and Counter-Plaintiffs,**

v.

**LIVING TREE LABORATORIES, LLC, A NEW START, INC., and MOSHE DUNOFF,**

**Counter-Defendant and Third-Party Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 36]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Court grants the Motion.

## BACKGROUND

Plaintiff/Counter-Defendant Living Tree Laboratories, LLC ("Living Tree") provides qualitative and quantitative urinalysis drug testing for patients enrolled in substance abuse treatment facilities.[1] Living Tree also operates as a drug treatment facility. Upon registering at Living Tree (or another facility), patients execute an assignment of benefits form ("AOB"), assign-

---

[1] Qualitative testing looks for specific drugs within a patient's urine and produces a positive or negative result. Quantitative testing details the volume of drugs present in a patient's urine and confirms the presence of alcohol and designer drugs.

ing his or her rights to insurance benefits to Living Tree.[2] Based on this AOB, Living Tree, an out-of-network provider, submits claims for reimbursement ("Claim Lines") to the patient's health insurance provider. This action involves Living Tree patients who subscribed to health plans either provided or administered by Defendants United Healthcare Services, Inc., OptumInsight, Inc., United Behavioral Health, Inc., and UnitedHealth Group (collectively, "United").

Living Tree has submitted thousands of Claim Lines to United for qualitative and quantitative urinalysis drug tests on at least 195 patients. United either (1) denied, (2) is anticipated to deny, or (3) paid but now seek recoupment of the Claim Lines. Living Tree attached several spreadsheets as exhibits to the Amended Complaint detailing the payer, the patient member identification number, the date of service, the amount charged, and the charge code depicting the test performed for each Claim Line. *See* Amended Compl., Exhibits A, C, D, and E. However, Living Tree does not identify the specific plan under which each patient was insured or the specific plan provision which United purportedly breached. In addition, the Amended Complaint does not differentiate between plans which were provided, as opposed to administered, by United and, beyond general "upon information and belief" language, fails to indicate whether the plans are employee benefit plans governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

The Amended Complaint sets forth claims for ERISA violations (Counts 1-3), Common Law Breach of Contract (Counts 4-5), Breach of the Duty of Good Faith and Fair Dealing (Count 6), Promissory Estoppel (Count 7), and Declaratory and Injunctive relief (Counts 8-10).[3] [ECF

---

[2] The AOB also assigns "any claim, right, or cause of action that may arise under my plan for the services provided by Living Tree Laboratories to the above named patient." Amended Compl. At ¶ 43.
[3] Plaintiff has since withdrawn Count Eleven arising under the Minnesota Consumer Fraud Act. *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Amended Complaint [ECF No. 37].

No. 31]. United has moved to dismiss on several grounds including that Living Tree fails to adequately identify the plans and contracts at issue, fails to adequately plead any of the counts in the Amended Complaint, and has no standing.[4]

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the–defendant–unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

---

[4] On November 30, 2017, United filed a Counterclaim and Third-Party Complaint against Living Tree and Third-Party Defendants A New Start, Inc. ("ANS") and Moshe Dunoff ("Dunoff") relating to Living Tree, ANS, and Dunoff's purportedly fraudulent billing practices. Living Tree, ANS, and Dunoff have moved to strike or dismiss the Counterclaim and Third-Party Complaint. As of the date of this Order, those motions are not ripe for review.

**DISCUSSION**

The Amended Complaint suffers from an overarching problem. It lacks sufficient detail about the plans alleged to cover Living Tree's patients and the corresponding Claim Lines. In each count of the Amended Complaint, Living Tree groups dozens of patients and thousands of Claims Lines without linking each patient to a specific insurance plan. As a result, it is impossible for the Court to reasonably infer that United is liable for the wrongdoing alleged by Plaintiff.

I. **ERISA Claims**

Living Tree alleges, "upon information and belief," that each of the patients under which it is submitting a Claim Line had ERISA plans provided or administered by United. Although Living Tree provides some information in the spreadsheets attached to the Amended Complaint, it fails to provide the requisite information about the ERISA plan covering each patient.

The law is clear that "benefits payable under an ERISA plan are limited to the benefits specified in the plan" *Sanctuary Surgical Centre, Inc. v. UnitedHealth Group, Inc.*, No. 10-81589, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013). As a result, "[a] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Id.* (quoting *Stewart v. National Education Assn.,* 404 F. Supp. 2d 122, 130 (D.D.C. 2005)). "In addition, to state a plausible ERISA claim, the complaint must 'provide the court with enough factual information to determine whether the [services] were indeed covered services under the plan.'" *Id.* (quoting *Broad Street Surgical Center, LLC v. UnitedHealth Group, Inc.*, No. 11-2775, 2012 WL 762498, *13 (D.N.J. Mar. 6, 2012)). While Living Tree alleges generally that all of the patients' plans cover substance abuse treatment, it fails to identify a specific plan provision covering the services rendered to each patient. Indeed, the Amended Complaint fails to link a specific plan with each patient, making it impossible to discern coverage for each Claim Line, whether there was a breach, and whether the plan permitted an assignment of

4

benefits to Living Tree. Without additional detail, Plaintiff's ERISA claims must be dismissed. *See id.* (holding that "plaintiffs must at least identify the specific plan provisions under which coverage is conferred with respect to *each* of the 996 derivative ERISA claims identified in its complaint, and to allege sufficient facts to plausibly show the services rendered to each patient were indeed covered under that *particular* plan."); *Gould v. University of Miami,* No. 16-25233, 2017 WL 4155479, * 8-9 (S.D. Fla. Sep. 19, 2017) (requiring a more definite statement where the complaint made it "virtually impossible to tell which ERISA plans are at issue" and "contained no specific allegations against a given health insurance plan based on a given patient, but instead simply made general allegations against a number of defendants and attached a list of patients."); *In re Managed Care Litigation,* Master File No. 00-1334-MD, Tag-Along No. 08-20005-CIV, 2009 WL 742678, *3 (S.D. Fla. Mar. 20, 2009) (dismissing complaint where plaintiffs failed to "identify the controlling ERISA plans."); *Kindred Hosp. East L.L.C. v. Blue Cross and Blue Shield of Florida, Inc.*, No. 2007 WL 601749, at * 4 (M.D. Fla. Feb. 16, 2007) ("To comply with the notice requirements of Rules 8 and 10, plaintiff shall separate by count each individual claim, setting forth the patient (identified by initials); the specific insurance plan under which plaintiff is proceeding and whether it is an ERISA-governed plan or not; the dates of treatment at plaintiff's facility; the amount of alleged incurred charges; the amount of charges allegedly remaining outstanding; and the amount of benefits sought on behalf of that patient."). Therefore, Counts 1 through 3 are dismissed without prejudice.[5]

## II. Remaining Claims

Plaintiff's failure to identify each patient's specific plan also mandates that the Court dismiss Plaintiff's remaining state law and declaratory relief claims without prejudice. The Court cannot

---

[5] Because the Court is dismissing Living Tree's claims with leave to amend, it does not address United's additional grounds for dismissing the ERISA claims.

discern whether the Claim Lines relate to an ERISA plan, such that Plaintiff's state law causes of action would be preempted, or whether any non-ERISA policies—if they exist—contain anti-assignment provisions. In addition, the Court is unable to declare the rights and legal relations of the parties, as requested in Plaintiff's claims for declaratory relief, without additional allegations linking the Plans to each patient. Accordingly, Counts 4 through 10 are dismissed without prejudice.[6]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [ECF No. 36] is GRANTED. This action is DISMISSED without prejudice.

2. Plaintiff may file a Second Amended Complaint within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of March, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[6] The Court notes that Count VIII, labeled "Injunctive Relief," is not a separate cause of action but a form of relief. *See Hames v. City of Miami*, 479 F. Supp. 2d 1276, 1280 n. 3 (S.D. Fla. 2007).