**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:16-CV-24680-DPG**

LIVING TREE LABORATORIES, LLC,

      Plaintiff and Counter-Defendant,

v.

UNITED HEALTHCARE SERVICES, INC.,
OPTUMINSIGHT, INC., UNITED BEHAVIORAL
HEALTH, INC., and UNITEDHEALTH
GROUP, INC.,

      Defendants and Counter-Plaintiffs,

v.

LIVING TREE LABORATORIES, LLC,
A NEW START, INC., and MOSHE DUNOFF,

      Counter-Defendant and Third-Party
      Defendants.
_____/

**DEFENDANTS' AND COUNTER-PLAINTIFFS'**
**MOTION TO STRIKE AFFIRMATIVE DEFENSE OF SETOFF**

Counter-Plaintiffs and Defendants, UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., and United Behavioral Health, LLC (collectively, "United"), hereby move for entry of an Order striking affirmative defense number 5 asserted by Counter-Defendant Living Tree Laboratories, LLC ("Living Tree") in its Answer and Defenses, [ECF No. 114], to United's Counterclaim and Third-Party Complaint (the "Counterclaim"), [ECF No. 45]. In support thereof, United states as follows:

45304984;1

## I. INTRODUCTION

Living Tree purports to assert eighteen (18) affirmative defenses to United's counterclaim, along with a "reservation of rights" to amend or add additional defenses[1]. For the reasons set forth below, United seeks to strike the following affirmative defense:[2]

- Affirmative Defense No. 5, for "set off," improperly seeks to re-litigate the same claims this Court has already dismissed, on the exact same "facts" this Court has already deemed to be insufficiently pled.

## II. BACKGROUND

### a. *Relevant Procedural History*

Living Tree filed its original Complaint in this action on November 8, 2016 [ECF No. 1]. Following United's motion to dismiss [ECF No. 26], Living Tree filed an Amended Complaint on February 27, 2017, [ECF No. 31]. United again moved to dismiss. [ECF No. 36]. On November 30, 2017, during the pendency of United's Motion to Dismiss Living Tree's Amended Complaint, United filed a Counterclaim against Living Tree, Moshe Dunoff, and A New Start, Inc. ("ANS"). The Counterclaim details an unlawful and fraudulent scheme that Living Tree,

---

[1] United also objects to Living Tree's "reservation of rights" to add or amend affirmative defenses, as Fed. R. Civ. P. 15(a)(2) requires that a party may amend its pleading only with the opposing party's written consent or the court's leave once 21 days have passed since its filing. Plaintiff should be held to that standard if it seeks to amend or add defenses. Moreover, "[a] reservation of rights to make future amendments to a filed pleading is *not a proper affirmative defense* or a general denial." *In re Cooper*, No. 6:11-bk-05364-KSJ, 2013 WL 5278933, at *2 (M.D. Fla. Sept. 19, 2013) (emphasis added); *see also Hydentra HLP Int. Ltd. v. Luchian*, No. 1:15-c-22364-UU, 2015 WL 12658275, at *5 (S.D. Fla. Dec. 3, 2015) ("Under the Federal Rules of Civil Procedure, there is no basis whatsoever for reserving rights to assert defenses without specifically stating the grounds upon which the defense is pleaded").

[2] United initially sought to strike Affirmative Defense No. 14, for *in pari delicto* (or bad faith), as it failed to meet the pleading requirements of Federal Rule of Civil Procedure 8, as it only contained conclusory allegations devoid of any material facts sufficient to put United on notice of the purported defense, and failed to adequately plead an essential element. In the meet & confer with Living Tree's Counsel, it was agreed that Living Tree would withdraw this affirmative defense without prejudice.

together with Dunoff and ANS, perpetrated to exploit vulnerable patients, obtain their lucrative insurance benefits, and maximize financial gains. The Counterclaim asserts claims against Dunoff, ANS, and Living Tree for common law fraud and violations of Florida's Deceptive and Unfair Trade Practice Act, Fla. Stat. § 502.201 *et seq.*; asserts claims for unjust enrichment against Living Tree and Dunoff; and asserts a claim for declaratory relief against Living Tree [ECF No. 45, at 31-40]. On February 12, 2018, Living Tree, Dunoff, and ANS moved to dismiss United's Counterclaim on a variety of grounds [ECF No. 75-76]. That motion remains pending.

### b. The Court Dismisses Living Tree's Amended Complaint on March 29, 2018 for failure to state a claim.

On March 29, 2018, this Court dismissed Living Tree's Amended Complaint [ECF No. 89, at 4] (hereinafter the "Order"). In its Order, the Court noted that Living Tree simply "group[ed] dozens of patients and thousands of Claims Lines without linking each patient to a specific insurance plan," making it "impossible . . . to reasonably infer that United is liable for the wrongdoings alleged by Plaintiff." [*Id.*]. It explained:

> Although Living Tree provides some information in the spreadsheets attached to the Amended Complaint, *it fails to provide the requisite information about the ERISA plan covering each patient*. . . . While Living Tree alleges generally that all of the patients' plans cover substance abuse treatment, it fails to identify a specific plan provision covering the services rendered to each patient. Indeed, *the Amended Complaint fails to link a specific plan with each patient, making it impossible to discern coverage for each Claim Line, whether there was a breach, and whether the plan permitted an assignment of benefits to Living Tree*. Without additional detail, Plaintiff's ERISA claims must be dismissed.

[*Id.* at 4-5 (emphasis added)]. The Court dismissed the Amended Complaint with leave to amend. [*Id.* at 6].

Living Tree has since twice moved for enlargements of time to file a Second Amended Complaint, noting each time that it was not in possession of the requisite information to cure the

3

deficiencies noted in the Order.  *See* ECF No. 104, ¶ 6 ("Living Tree could not file an amended complaint that would satisfy the Court . . . because it was not in possession of the insurance plans on which its claims are based . . . ."); *see also id.*, ¶¶ 11-12, 15.  Living Tree now has until June 10, 2018, to file its Second Amended Complaint.  It remains to be seen whether Living Tree will be able to cure these (and other) pleading deficiencies with its third bite at the apple.

      c.      *After the Dismissal of Living Tree's Amended Complaint, and After Conceding to the Court that it Cannot Cure the Deficiencies in its Dismissed Pleadings, Living Tree Answers United's Counterclaim.*

On May 3, 2018, while its Motion to Strike and/or Dismiss United's Counterclaim remained pending, Living Tree filed an Answer and Affirmative Defenses to United's Counterclaim, effectively mooting its Motion to Strike and/or Dismiss.[3]  Living Tree's Affirmative Defenses include, among others "set off" (fifth affirmative defense).  [*Id.*].

### III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters."  *Ramnarine v. Spiegel*, 2013 WL 1490482, *1 (S.D. Fla. Apr. 10, 2013) (citations omitted).

"While motions to strike are generally disfavored, an affirmative defense will be stricken if it is insufficient as a matter of law."  *Id.* at *1 (citing *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp. 2d 1314, 1318 (S.D. Fla. 2005)).  To this end, affirmative defenses are subject to the general pleading standards of the Federal Rules of Civil Procedure.  *See Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *see also* Fed. R.

---

[3] By separate motion, United is asking this Court for a ruling mooting Living Tree's motion to dismiss as superseded by its Answer.

45304984;1

Civ. P. 8(a) (requiring a "short and plain statement" of the claimed defense "showing that the pleader is entitled to relief"). "Because affirmative defenses are often proven by facts extrinsic to the plaintiff's claim, a plaintiff needs to receive fair notice of an affirmative defense as early as possible so that the parties can focus discovery accordingly." *New York Discount Plus*, 2014 WL 467235 at *1. As such, affirmative defenses that fail to recite more than bare-bones conclusory allegations are legally insufficient and will be stricken. *Morrison*, 434 F. Supp. 2d at 1318.

## IV. ARGUMENT

Living Tree's affirmative defense for "set off" fails to comport with the general pleading standards of the Federal Rules of Civil Procedure. Accordingly, it must be stricken.

### a. Living Tree's Fifth Affirmative Defense, for "Set Off," Improperly Injects Claims That Have Already Been Ruled Upon By This Court.

In its March 29, 2018 Order, this Court dismissed the very allegations Living Tree now seeks to revive through its "affirmative defense" of set-off. Living Tree seeks to reinject these claims into the litigation not on the basis of additional discovery, detail, or clarification, but relying instead solely on the exact same arguments – and the exact same spreadsheets – this Court found so lacking when they were raised in Living Tree's Amended Complaint. In its March 29th Order, the Court noted that Living Tree failed to identify the specific plan under which each patient was insured or the specific plan provision which United purportedly breached, failed to "differentiate between plans which were provided, as opposed to administered, by United" and "failed to indicate whether the plans [were] employee benefit plans governed by [ERISA]." [ECF No. 89]. On these bases, the Court concluded that Living Tree's Amended Complaint was insufficient under *Twombly* and *Iqbal*, and dismissed it with leave to amend. [*Id.*].

Now, Living Tree has chosen to forego its motion to dismiss and Answer United's Counterclaim, asserting as its fifth affirmative defense a synthesized version of the *same claims* asserted in its dismissed Amended Complaint. However, Living Tree fails to cure any of the deficiencies outlined by the Court. The affirmative defense reads as follows:

> *To the extent United obtains any relief in this action, such relief should be offset by the damages Living Tree has sustained as a result of United's wrongful conduct and by the benefits Living Tree conferred upon United by rendering unpaid medical services to patients covered by insurance plans issued or administered by United. United breached the relevant plan documents providing benefits to the patients Living Tree treated, which benefits were assigned to Living Tree, violated the relevant provisions of ERISA, and/or was unjustly enriched by refusing to pay Living Tree for the medical services Living Tree indisputably rendered to patients covered by insurance plans provided or administered by United. Including a portion of the claims that are at issue in the Counterclaim, these unpaid claims total at least $7,657,249.91. Spreadsheets providing sufficient information for United to identify these claims are attached as* **Composite Exhibit A**. *Additionally, United breached and abused the terms of the relevant plan documents by arbitrarily applying the "Optum Lab Drug Screen Services" policy, a policy external to the insurance plans, to Living Tree's claims, improperly using the audit process as a method of delaying or refusing to pay compensable claims, notwithstanding Living Tree's compliance with all of United's requests under that process, wrongfully denying Living Tree's claims based on insignificant technicalities, unilaterally changing its basis for denying Living Tree's claims at its whim, unfairly applying an extrapolation method to wrongly determine that all services Living Tree performed during the Hernandez Time Period were not compensable, and engaging in other deceptive practices designed to coerce Living Tree into accepting deeply discounted payments for the services it indisputably rendered to patients covered by insurance plans issued or administered by United. Living Tree sustained damage as a result.*

(*See Aff. Def. No. 5*, ECF No. 114). The only way to read Living Tree's unusual procedural move – filing an answer while its motion to dismiss is still pending – is as a purported "insurance policy" should any subsequent pleading fail to cure the significant deficiencies of its Amended Complaint. Notably, Living Tree references and relies upon "**Composite Exhibit A**," which includes a composite of the exact same spreadsheets this Court has already deemed insufficient under the relevant pleading standards. [*Compare* ECF No. 31-1 (exhibit to Amended Complaint)

*with* ECF No. 114-1 (exhibit to Answer and Affirmative Defenses)]. Absolutely nothing about these charts has been updated.

This purported affirmative defense is simply an attempted end run around the Court's Order of dismissal. Courts within this Circuit routinely reject such affirmative defenses, as they are merely an attempt to re-litigate issues already decided by the Court. *See, e.g., Evanston Ins. Co. v. Whyte*, No. 10-61007-CIV-DIMITROULEAS, 2010 WL 11441044 (S.D. Fla. Dec. 3, 2010) (striking affirmative defense that no justiciable controversy exists because, in ruling on the defendant's motion to dismiss, the Court had already concluded that one did exist); *Grovenor House, LLC v. E.I. Du Pont De Nemours and Co.*, No. 09-21698-Civ., 2010 WL 3212066 (S.D. Fla. Aug. 12, 2010) (striking affirmative defenses that plaintiff failed to state a claim upon which relief may be granted and on the issue of privity because the defendant's motion to dismiss on those exact arguments had already been denied); *Stewart Title Gty. V. Raijman, P.A. et al.*, No. 09-22263-CIV-SEITZ/O'SULLIVAN, 2010 WL 11506389 (S.D. Fla. June 30, 2010) (striking affirmative defense of set-off, which was based upon the allegations in a counterclaim, after finding that counterclaim lacked merit in fact and law); *Mizelle v. Edgewood Nursing Center, Inc.*, No. 3:09-cv-605-J-34JRK, 2010 WL 11507128 (M.D. Fla. Feb. 25, 2010) (striking set-off affirmative defense because it was based on the same allegations of dismissed counterclaim).

In *Evanston*, the defendant asserted as an affirmative defense that "[p]laintiff's complaint fails to state a justiciable controversy," which "is improper because no justiciable issue exists." *Evanston Ins. Co.*, 2010 WL 11441044, at *2. The Court struck the defendant's affirmative defense because, in ruling on the defendant's motion to dismiss, the Court had already "concluded that an actual controversy exist[ed] between the parties." *Id.* In doing so, the Court noted that the defendant "failed to allege any facts that would provide this Court with grounds to

reconsider [its] determination and, therefore, because [the] defense was already rejected by the Court," it must be stricken. *Id.* Similarly, in *Grovenor*, the defendant asserted affirmative defenses that the plaintiff had "failed to state a cause of action on which relief can be granted" and that no privity existed between the parties for purposes of the plaintiff's breach of warranty claim. *Grovenor*, 2010 WL 3212066, *4. In striking those affirmative defenses, the Court reasoned that it previously denied the defendant's motion to dismiss raising those exact arguments. *Id.* It found the affirmative defenses to be "clearly invalid as a matter of law."

*Stewart* and *Mizelle* directly address the impact of a failed operative pleading on the specific affirmative defense at issue here – set off. In *Stewart*, the plaintiff, a title insurance company, alleged that the defendants conducted a series of closings that led to insureds filing claims with plaintiff in excess of $24,000,000. *Stewart*, 2010 WL 11506389, at *1. The defendants answered, including an affirmative defense requesting a set off of any damages flowing from a concurrently filed Counterclaim. *Id.* at *2. The gravamen of the Counterclaim was that the plaintiff filed its action prematurely and in bad faith. *Id.* The plaintiff filed a motion to dismiss the Counterclaim and a motion to strike each of the affirmative defenses asserted. *Id.* The Court first granted the plaintiff's motion to dismiss for the reason that the Counterclaim lacked merit as a matter of law and fact. *Id.* Because the Counterclaim was dismissed, the Court also concluded that the affirmative defense requesting a setoff must be stricken. *Id.* at *7.

In *Mizelle*, an employment case, the plaintiff alleged that the defendant violated federal law by willfully failing to pay her minimum wage for her last two weeks of work. *Mizelle*, 2010 WL 11507128, at *1. The defendant employer counterclaimed, alleging theft, embezzlement and conversion of funds, and raised a number of affirmative defenses, including setoff. *Id.* The

8

plaintiff moved to dismiss the Counterclaim, arguing that set-off was not permitted under the applicable employment provision.  *Id.*  The Court agreed, and dismissed the Counterclaim.  *Id.* at *3-4.  It also struck the defendant's affirmative defense for set off, *sua sponte*, "for the same reason its Counterclaim fail[ed]," *id.* at *4, and noting that the set-off defense was based on the same allegations as those in the Counterclaim.  *Id.* at *4 n.4.

As was the case in *Evanston, Grovener, Stewart,* and *Mizelle*, this Court has already determined that the exact facts and exhibits upon which Living Tree bases its affirmative defense are insufficient under *Twombly* and *Iqbal*.  Accordingly, for the same reason that Living Tree's Amended Complaint failed, its fifth affirmative defense must fail.

## V.      CONCLUSION

WHEREFORE, Counter-Plaintiffs and Defendants, UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., and United Behavioral Health, LLC, respectfully request that this Court enter an Order striking Counter-Defendant Living Tree Laboratories, LLC's Affirmative Defense number 5 seeking setoff, and grant any other relief this Court deems just and proper.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned counsel certifies that she conferred with Living Tree's counsel by email on May 24, 2018, and that Living Tree's counsel advised that they object to the relief sought herein.

Dated: May 24, 2018                                 Respectfully submitted,

                                          **AKERMAN LLP**
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone:  (561) 653-5000
Facsimile:   (561) 659-6313

By: /s/ *Sandra Heller*
AYMAN RIZKALLA, ESQ.
Florida Bar No. 065487
E-Mail: ayman.rizkalla@akerman.com
DAVID I. SPECTOR, ESQ.
Florida Bar No. 086540
E-Mail:  david.spector@akerman.com
SANDRA L. HELLER, ESQ.
Florida Bar No. 037055
E-Mail:  sandra.heller@akerman.com
IRENE BASSEL FRICK, ESQ.
Florida Bar No. 158739
E-Mail:  irene.basselfrick@akerman.com
ANDREW M. LOEWENSTEIN, ESQ.
Florida Bar No. 073096
E-mail: andrew.loewenstein@akerman.com
DARCIE THOMPSON, ESQ.
Florida Bar No. 124888
E-Mail: darcie.thompson@akerman.com

*Attorneys for Defendants and Counter-Plaintiffs*

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 24, 2018, I electronically filed this *Motion to Strike Affirmative Defense* with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on parties listed in the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  By: /s/ *Sandra Heller*

## SERVICE LIST

*Living Tree Laboratories, LLC, v. United Healthcare Services, Inc., Optuminsight, Inc., United Behavioral Health, Inc., and Unitedhealth Group, Inc., Case No.: 1:16-CV-24680-DPG-GAYLES/TURNOFF United States District Court, Southern District of Florida, Miami Division*

| *Attorneys for Plaintiff and Counter-Defendant Living Tree, and Third-Party Defendant Moshe Dunoff*<br><br>Jake M. Greenberg, Esq.<br>Christopher B. Spuches, Esq.<br>Jason A. Martorella, Esq.<br>**Agentis PLLC**<br>501 Brickell Key Drive, Suite 300<br>Miami, FL 33131<br>Telephone:  305-722-2002<br>Facsimile:   305-722-2001<br>E-Mail:  jmg@agentislaw.com<br>            cbs@agentislaw.com<br>            jam@agentislaw.com | *Attorneys for Defendants and Counter-Plaintiffs*<br><br>David I. Spector, Esq.<br>Sandra Heller, Esq.<br>Irene Bassel Frick, Esq.<br>Andrew M. Loewenstein, Esq.<br>Darcie Thompson, Esq.<br>Ayman Rizkalla, Esq.<br>**Akerman LLP**<br>777 South Flagler Drive<br>Suite 1100, West Tower<br>West Palm beach, FL 33401<br>Telephone: 561-653-5000<br>Facsimile: 561-659-6313<br>E-Mail:  david.spector@akerman.com<br>            sandra.heller@akerman.com<br>            irene.basselfrick@akerman.com<br>            andrew.loewenstein@akerman.com<br>            darcie.thompson@akerman.com<br>            ayman.rizkalla@akerman.com |
|---|---|
| *Attorney for Third-Party Defendant A New Start, Inc.*<br><br>Nicole Sauvola, Esq.<br>1261 S. Congress Ave.<br>Palm Springs, FL 33406<br>Telephone:  561-506-5606<br>Facsimile:   561-229-0169<br>E-Mail:  colelaw36@gmail.com<br>**Service via email** | |