# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-24680-GAYLES/LOUIS

LIVING TREE LABORATORIES, LLC,

    Plaintiff and Counter-Defendant,

v.

UNITED HEALTHCARE SERVICES,
INC., et al.

    Defendants and Counter-Plaintiffs,

v.

LIVING TREE LABORATORIES, LLC,
A NEW START, INC., and MOSHE DUNOFF,

    Counter-Defendant and Third-Party
    Defendants.
_____/

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

THIS CAUSE comes before the Court upon Motion by Third-Party Defendant, A New Start, Inc., ("ANS") For Protective Order Against United's Pre-Payment Review (ECF No. 185). Invoking Federal Rule of Civil Procedure 26, Local Rule 26.1, the Court's inherent authority, and applicable case law, ANS asks the Court to enter a protective order, which would prohibit Defendant/Counter-Plaintiffs United Health Care Services, Inc., OptumInsight, Inc., United Behavioral Health, Inc., and UnitedHealth Group, Inc. (collectively, "United") from conducting a pre-payment review of current ANS claim submissions pending the outcome of this instant lawsuit. ANS additionally seeks an award for its attorneys' fees and costs incurred in the prosecution of the motion.

In its Motion, ANS complains that United implemented the pre-payment review in

November of 2018, a full year after ANS became a third-party Defendant in this suit. The pre-payment review requires ANS to submit to United supporting medical records for all claims submitted by ANS since initiation of the review. In support of its Motion, ANS attaches as an example a letter dated November 18, 2018, from Defendant United Healthcare Services, Inc. to ANS, asking ANS to send medical records in effort to clarify potentially inaccurate information ("such as incorrect diagnosis codes, modifiers, units or place of service") before United processes the claim (ECF No. 185-2). ANS represents that it has received requests for records relating to 126 claims so far. ANS contends that this practice "represents improper discovery," for the purpose of oppressing ANS and starving it out of the litigation and out of business. This improper discovery, the Motion contends, is not that "permissibly sought through the discovery process" but rather through "self-help and subterfuge."

In response, United observes that the Motion identifies no discovery requests that have been propounded and objected to; rather, the Motion complains about United's demands for records in the course of the continuing business relationship between these parties. Without identifying the discovery requests for which it seeks protection, United argues, ANS has failed to articulate grounds for issuance of a protective order.

ANS relies on Rule 26 of the Federal Rules of Civil Procedure as the source of authority for the Court to enjoin United from the contested practice of demanding medical records supportive of the claims submitted by ANS to United as a condition of issuing payment for such claims. Rule 26 governs general discovery procedures and establishes the scope of permissible discovery that may be pursued in civil litigation. The Rule also establishes a procedure by which a court may prohibit the pursuit of discovery. "A party or any person from whom discovery is sought may move for a protective order;" the Rule instructs; and "the court may, for good cause,

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). ANS, a party herein, has supported the present Motion with affidavits attesting to the specific costs incurred by ANS in responding to United's letters seeking medical records as part of its pre-payment review, plausibly demonstrating that the review is burdensome. The Motion nonetheless fails to demonstrate that it seeks protection from "discovery."

ANS fails to show good cause for a protective order, thus its Motion must be denied. First, ANS's generalized reference to the pre-payment review and exemplary letter fails to specify what request ANS seeks the Court's protection from. Though ANS evidences that it has received *and processed* 126 such requests to date (ECF No. 185 at 3), and anticipates receiving more requests, the Motion does not identify what requests it claims are pending and still capable of being avoided, nor the specific information or documents those requests seek. This failing, however, is subsumed in the larger problems presented by the Motion.

ANS insists that the letter requests constitute "discovery," but this characterization of United's letter demands is not sufficient to bring the dispute within the purview of Rule 26(c). ANS acknowledges that United's authority to make such demands arises not from the Federal Rules of Civil Procedure or as a consequence of this litigation, but rather as a condition of payment for claims submitted by ANS.[1] Notably, though ANS argues the demands are both oppressive and benefiting United (to the detriment of ANS) in this litigation, ANS does not dispute United's asserted right to make the demand for the supporting records.

---

[1] ANS does not describe nor challenge the basis of authority for United's contested review practice. The affidavit of Frank Bartle, advanced by ANS in support of its Motion, concedes United's right to demand the records, as he explains that ANS must either accept the cost to produce the information demanded or else not get paid for the claims reviewed. *See* ECF No. 185-6. United in its response represents that it is "contractually" obligated to evaluate the claims it administers. ANS does not contest this representation in its reply. Whether the right to request the billing records is contractually based or not is not material to the disposition of the Motion; what matters is that the requests are not propounded pursuant to any Federal Rule of Civil Procedure or order of this Court.

Even if the Court was persuaded that United's letters constituted an end-run around formal discovery as ANS urges, the remedy authorized by Rule 26 would be limited to an order relieving ANS from the duty to disclose the requested documents. But ANS's complaint about the pre-payment review is not limited to the disclosure of information to United; ANS seeks an order precluding United from *asking* for the information, and, critically, from conditioning payment of claims on ANS's response to the request for information in support of those claims. This unquestionably exceeds the scope of protection afforded under Rule 26, as such an order would not only deny United the information sought (pursuant to an ongoing business relationship) but also impose on United an obligation to pay claims submitted by ANS without following procedures contractually agreed upon by these parties.

ANS advances no case standing for the proposition that Rule 26 authorizes a court to prohibit a business that has the effect of enabling one party to litigation to compile information from another party. ANS cites *Balfour Beatty Rail, Inc. v. Vaccarello*, No. 3;06CV551 J20MCR, 2006 WL 3792054, at *3 (M.D. Fla. Dec. 21, 2006), for its guiding instruction that "the procedure for preventing [a party] from engaging in improper discovery is to seek a protective order." The court there was confronted with objections *to discovery requests* on the grounds that the responses would disclose the names of clients, whom defendant feared plaintiff would not only contact but also harass. In recognizing the validity of the potential concern, the court observed that a protective order may be warranted to control the manner in which one party sought discovery from a non-party. ANS presents no dispute over the manner in which discovery is being conducted.

ANS has not demonstrated its entitlement to a protective order as it has identified no discovery request from which it is entitled to protection, and the Motion is thus denied. Where a motion to compel or avoid discovery is denied, the court "must, after giving an opportunity to be

heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Motion was not substantially justified.

Whether award of United's expenses would be unjust is nonetheless unclear. Should United elect to pursue such an application, it should be prepared to defend its entitlement to an award under Rule 37(a)(5)(B), where the subject motion failed to identify any discovery requests for which it ostensibly sought protection from the court.[2]

Accordingly, and for the foregoing reasons, ANS' Motion for Protective Order is DENIED.

United may present an application for its expenses incurred in the opposition of this Motion by no later than March 18, 2019. United must first serve upon ANS, by no later than March 11, 2019, and shall satisfy the specificity required by S.D. Fla. L.R. 7.3(a)(5). Following service, the parties shall confer and attempt to reach agreement on the reasonable amount of fees and expenses, including applicable hourly rate and number of hours incurred.

ANS may respond and object both to an award of any expenses under Rule 37, and more specifically to the reasonableness of the expenses demanded; those objections shall also satisfy the specificity required by the Local Rule. Any such response in opposition shall be filed on or before April 1, 2019.

Any request to extend the deadlines set herein will be carefully scrutinized by the Court and the parties should not assume that the absence of opposition will automatically result in the

---

[2] United contends that the relief sought by ANS is an injunction against United's business practice and, accordingly, United's response in opposition confronted the factual allegations raised in the motion, defending its practice on the merits. In reply, ANS denied that what it seeks is injunctive relief and persisted in its demand for a protective order from United's requests. ANS opposed United's invitation to convert the motion into that for a preliminary injunction and declined advance argument that it had met the applicable burden. The Court similarly has not made findings pursuant to Rule 65 as to ANS's entitlement to a preliminary injunction, which it adamantly denies it is seeking.

court extending the deadlines.

    **DONE** and **ORDERED** at Miami, Florida this 25th day of February, 2019.

                                       LAUREN LOUIS
                                       UNITED STATES MAGISTRATE JUDGE