UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16–cv–24680–GAYLES/LOUIS

LIVING TREE LABORATORIES, LLC,

    Plaintiffs and Counter-Defendant,

vs.

UNITED HEALTHCARE SERVICES, INC., *et al.*,

    Defendants and Counter-Plaintiffs,

vs.

LIVING TREE LABORATORIES, LLC,
A NEW START, INC., and MOSHE DUNOFF,

    Defendants.
_____/

## MOTION FOR CHARGING ORDER AGAINST MOSHE DUNOFF'S MEMBERSHIP INTERESTS IN DUNOFF HOLDINGS, LLC

Judgment Creditors, United Healthcare Services, Inc., OptumInsight, Inc., United Behavioral Health, Inc. and UnitedHealth Group, Inc. (together, the "Judgment Creditors"), pursuant to Federal Rule of Civil Procedure 69 and Florida Statutes § 605.0503, respectfully request that the Court impose a charging order on judgment debtor, Moshe Dunoff's ("Dunoff") limited liability company membership interests in Dunoff Holdings, LLC ("Dunoff Holdings"). In support of this request the Judgment Creditors state:

1. On July 15, 2019 the Court entered a stipulated consent final judgment in favor of the Judgment Creditors and against the Debtor in an amount exceeding $4.8 million (the "Judgment"). (ECF No. 304). The Judgment is unsatisfied.

2. The Debtor is a member of and holds membership interests in, Dunoff Holdings, LLC ("Dunoff Holdings"). A copy of Dunoff Holdings' 2021 Limited Liability Company Annual Report (the "Annual Report") reflecting such membership interests in Dunoff Holdings is incorporated herein and attached hereto as **EXHIBIT A**.[1]

3. Fed. R. Civ. P. 69(a) directs procedures on execution, and proceedings supplementary to and in aid of judgment or execution, to accord with the procedure of the state where the court is located. This Court is of course located in Florida, and the Judgment Creditors may therefore utilize Florida state law procedures in executing on the Judgment. *See* Fed. R. Civ. P. 69(a).

4. Fla. Stat. § 605.0503 governs charging orders on limited liability company membership interests. The statute states in relevant part:

> On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.

Fla. Stat. § 605.0503(1).

5. The Judgment Creditors are entitled to a charging order under § 605.0503(1). This Court has entered the Judgement and is a court of competent

---

[1] Judgement Creditors had filed an earlier *Motion to Impose Charging Order on Membership Interests of Judgment Debtor*. (ECF No. 323). That motion had been denied without prejudice because Judgment Creditors did not attach to the motion evidence of Dunoff's ownership interest in the subject entities.

jurisdiction. The Judgment is unsatisfied, and the Judgment Creditors are creditors of the Debtor. Finally, as established by the Annual Report, the Debtor is a member of Dunoff Holdings and holds membership interests therein. *See* ECF No. 330 at p. 4 (citing *Strategic Marketing, Inc. v. Great Blue Heron Software*, No. 15-cv-80032 (ECF No. 338) (S.D. Fla. Jan. 19, 2017) (granting an unopposed motion for charging order that was supported by corporate registration documents from Sunbiz); *see also Sanchuck v. Guzman*, No. 2:17-mc-14-FtM-99 (ECF No. 22) (Dec. 8, 2017) (granting unopposed motion for charging order where the judgment creditor substantiated judgment debtor's interest in corporate entities with corporate registration documents from Sunbiz)

6. A proposed charging order is attached as **EXHIBIT B** and is being submitted to the Court in Microsoft Word format.

**WHEREFORE**, the Judgment Creditors respectfully request that the Court (1) enter an order substantially in the form of that attached as Exhibit B imposing a charging order on Dunoff's membership interests in Dunoff Holdings; and (2) granting such other relief deemed appropriate.

[Remainder of Page Intentionally Left Blank]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF Electronic Noticing to those parties registered to receive electronic noticing in this case on June 27, 2022.

        Respectfully Submitted,

        **LANDAU LAW, PLLC**
        Counsel for Counter-Plaintiffs
        3010 N. Military Trail, Suite 318
        Boca Raton, Florida 33431
        Telephone: 561-443-0802
        Email:  phil@landau.law

        By: _/s/ Philip J. Landau_
              Philip J. Landau, Esq.
              Fla. Bar. No. 0504017

# 2021 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L15000053561

**Entity Name:** DUNOFF HOLDINGS LLC

**Current Principal Place of Business:**

4376 HAZEL AVENUE
UNIT A
PALM BEACH GARDENS, FL 33410

**Current Mailing Address:**

4376 HAZEL AVENUE
UNIT A
PALM BEACH GARDENS, FL 33410 US

**FEI Number:** 47-3583415

**Name and Address of Current Registered Agent:**

POLO, KRISTINE
631 US HWY 1
SUITE 411
NORTH PALM BEACH, FL 33408 US

**FILED**
Jul 13, 2021
Secretary of State
4187408946CC


EXHIBIT A

**Certificate of Status Desired:** Yes

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: KRISTINE POLO                                    07/13/2021
Electronic Signature of Registered Agent                          Date

**Authorized Person(s) Detail :**

| Title | MEMBER | Title | AUTHORIZED MEMBER, MGR |
|---|---|---|---|
| Name | DUNOFF, MOSHE | Name | DUNOFF, ALYSSA |
| Address | 4376 HAZEL AVENUE UNIT A | Address | 4376 HAZEL AVENUE UNIT A |
| City-State-Zip: | PALM BEACH GARDENS FL 33410 | City-State-Zip: | PALM BEACH GARDENS FL 33410 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: ALYSSA DUNOFF                   AUTHORIZED MEMBER, MANAGER       07/13/2021

Electronic Signature of Signing Authorized Person(s) Detail                                   Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16–cv–24680–GAYLES/LOUIS

LIVING TREE LABORATORIES, LLC,

    Plaintiff and Counter-Defendant,

vs.

UNITED HEALTHCARE SERVICES, INC., *et al.*,

    Defendants and Counter-Plaintiffs,

vs.

LIVING TREE LABORATORIES, LLC,
A NEW START, INC., and MOSHE DUNOFF,

    Counter-Defendant and Third-Party
    Defendants.
_____/

**EXHIBIT B**

## [PROPOSED] CHARGING ORDER

On July 15, 2019, the Court entered a stipulated consent final judgment in favor of the United Healthcare Services, Inc., OptumInsight, Inc., United Behavioral Health, Inc. and UnitedHealth Group, Inc. (together, the "Judgment Creditors") and against Moshe Dunoff and Living Tree Laboratories, LLC, jointly and severally, in the amount of $4,846,755.32, with post-judgment interest at the legal rate as provided by law (the "Judgment").

This Court, has considered the pleadings, has reviewed the record and the *Motion for Charging Order Against Moshe Dunoff's Membership Interests in Dunoff Holdings, LLC* (the "Motion") filed by the Judgment Creditors and being otherwise advised, finds that:

1. The Judgment remains unsatisfied.

2. Judgment Debtor, Moshe Dunoff, is a member of Dunoff Holdings, LLC ("Dunoff Holdings").

{5013 / 000 /00538933}

2

3. Pursuant to Fla. Stat. § 605.0503, as applied by Fed. R. Civ. P. 69, the Judgment Creditors are entitled to a charging order against Dunoff's membership interests in Dunoff Holdings.

It is therefore **ORDERED AND ADJUDGED** that:

1. Any and all interests of Moshe Dunoff in Dunoff Holdings (the "Interests") are subject to this charging order for the benefit of the Judgment Creditors.

2. The Interests are charged with payment of the Judgment with interest and shall not be transferred except for payment of the Judgment, until the Judgment is paid in full.

3. Any and all distributions, transfers, amounts owed and/or payable to Moshe Dunoff, by or on behalf of Dunoff Holdings, shall be paid to the Judgment Creditors c/o their counsel in this action, Landau Law, PLLC, 3010 N. Military Trail, Suite 318, Boca Raton, Florida 33431.

4. Moshe Dunoff will be discharged from his obligation to the Judgment Creditors to the extent of any amounts so paid to the Judgment Creditors, until all amounts owed pursuant to the Judgment are paid in full.

5. This charging order shall remain binding on the Interests until such further order of this Honorable Court.

**DONE AND ORDERED** in Miami, Florida, this _____ day of June 2022.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: counsel of record

{5013 / 000 /00538933}