**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-CV-24680-GAYLES/LOUIS

LIVING TREE LABORATORIES, LLC,

      Plaintiff and Counter-Defendant,

v.

UNITED HEALTHCARE SERVICES,
INC., et al.

      Defendants and Counter-Plaintiffs,

v.

LIVING TREE LABORATORIES, LLC,
A NEW START, INC., and MOSHE DUNOFF,

      Counter-Defendant and Third-Party
      Defendants.

_____/

## REPORT AND RECOMMENDATIONS

      **THIS CAUSE** comes before the Court upon United Healthcare Services, Inc., OptumInsight, Inc., United Behavioral Health, Inc., and UnitedHealth Group, Inc.'s (collectively "Counter-Plaintiffs" or "Judgment Creditors") Motion to Institute Proceedings Supplementary, Issue a Notice to Appear to Alyssa Dunoff, and Schedule Further Proceedings Consistent with the Notice to Appear (ECF No. 348). This Motion has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Darrin P. Gayles, United States District Judge (ECF Nos. 35, 327). Upon consideration of the Motion, having reviewed the record, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that this Motion be

1

**GRANTED**.

On July 15, 2019, the Court entered a stipulated final consent judgment against Living Tree Laboratories, LLC and Moshe Dunoff, jointly and severally, in the amount of $4,846,755.32 (ECF No. 304). The Court issued a writ of execution on June 10, 2022 (the "Writ") (ECF No. 344). The Judgment remains unsatisfied, and the Writ is valid and outstanding. Counter-Plaintiffs request that the Court: institute proceedings supplementary; issue a Notice to Appear to a third party, Alyssa Dunoff; and schedule further proceedings whereby Alyssa Dunoff can explain to the Court why certain membership interests in Dunoff Holdings, LLC that were fraudulently transferred to her shouldn't be voided. (ECF No. 348 at 1).

Counter-Plaintiffs subsequently notified the Court that since the filing of the Motion, Counter-Plaintiffs "have resolved their differences with Alyssa Dunoff vis-à-vis the surplus foreclosure proceeds that were partly at issue in the Motions. As such, Counter-Plaintiffs no longer request the issuance of the Notice to Appear to Alyssa Dunoff." (ECF No. 350 at 2). However, Counter-Plaintiffs aver that they remain statutorily entitled to the entry of an order initiating proceedings supplementary and that initiating such proceedings is important because it "results in the judgment debtors being taxed with the costs of pursuing collection of the Judgment." (*Id.*) (citing Fla. Stat. § 56.29(8)). Accordingly, the Court addresses the sole issue of whether the request to institute proceedings supplementary should be granted.

Pursuant to Federal Rule of Civil Procedure 69(a)(1), proceedings supplementary to and in aid of execution must comply with the procedure of the state where the court is located. Florida law states that a person who holds an unsatisfied judgment "may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment . . . and stating that the execution is valid and outstanding, and thereupon the

judgment creditor is entitled to these proceedings supplementary to execution."  Fla. Stat. § 56.29(1).  "A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied."  *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 2297524, at *1 (S.D. Fla. May 30, 2019).

On July 15, 2019, the Court entered a stipulated final consent judgment against Living Tree Laboratories, LLC, and Moshe Dunoff, jointly and severally, in the amount of $4,846,755.32 (ECF No. 304).  The Court then issued the Writ on June 10, 2022 (ECF No. 344).  Accompanying this Motion, Counter-Plaintiffs attached an affidavit of Philip J. Landau, Esq. (ECF No. 348-5). Attorney Landau's affidavit corroborates Counter-Plaintiffs' claims that the Judgment and the Writ remain unsatisfied.

Accordingly, Counter-Plaintiffs satisfy both criteria set out in *Floridians for Solar Choice, Inc.* by demonstrating that the Writ is valid and unsatisfied, and by filing an appropriate affidavit of Attorney Landau corroborating Counter-Plaintiffs' assertion.  (*Id.*).

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Counter-Plaintiffs' Motion be **GRANTED** and proceedings supplementary should be initiated pursuant to Section 56.29, Florida Statutes, and Rule 69.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers this 11th day of November, 2022.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Darrin P. Gayles
        Counsel of Record

4