UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-24680-GAYLES/LOUIS

LIVING TREE LABORATORIES, LLC,

    Plaintiff and Counter-Defendant,

v.

UNITED HEALTHCARE SERVICES,
INC., et al.

    Defendants and Counter-Plaintiffs,

v.

LIVING TREE LABORATORIES, LLC,
A NEW START, INC., and MOSHE DUNOFF,

    Counter-Defendant and Third-Party
    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon Judgment Creditors United Healthcare Services, Inc., OptumInsight, Inc., United Behavioral Health, Inc., and UnitedHealth Group, Inc.'s (collectively "Judgment Creditors") Motion for Charging Order Against Moshe Dunoff's Membership Interests in Dunoff Holdings, LLC. (ECF No. 347). This Motion has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Darrin P. Gayles, United States District Judge (ECF Nos. 35, 327). Upon consideration of the Motion, having reviewed the record, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that this Motion be **GRANTED**.

1

On July 15, 2019, the Court entered a stipulated final consent judgment against Living Tree Laboratories, LLC and Moshe Dunoff, jointly and severally, in the amount of $4,846,755.32 (ECF No. 304).  Judgment Creditors represent that the judgment remains unsatisfied (ECF No. 347 ¶ 1). The Judgement Creditors seek an entry of a charging order against Dunoff Holdings, LLC ("Dunoff Holdings"), upon the Judgment Creditors' contention that Mr. Dunoff holds a membership interest in Dunoff Holdings.  (*Id.*).  Mr. Dunoff has not responded to the Motion.

Under Federal Rule of Civil Procedure 69(a)(1), a money judgment is enforced by a writ of execution unless the Court orders otherwise and the alternative procedure of execution must accord with the law of the state where the court is located.  Under Florida's Revised Limited Liability Company Act, "[o]n application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest."  Fla. Stat. § 605.0503(1).  That remedy "constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor."  § 605.0503(1).  A charging order is the sole and exclusive remedy by which a judgment creditor of a member may satisfy a judgment from the judgment debtor's interest in an LLC.  § 605.0503(3).  And where the limited liability company has only one member, the statute allows a court to order a foreclosure sale, if a judgment creditor establishes that a charging order will not satisfy the judgment.  § 605.0503(4).

According to records filed with the Florida Department of State's Division of Corporations, Moshe Dunoff is listed as a title member of Dunoff Holdings.[1]  *See* (ECF No. 347 at 5). Considering this evidence, the undersigned has a factual basis for recommending the entry of a

---

[1] The Department of State provides an online index of corporate registration ("Sunbiz").  *See* https://dos.myflorida.com/sunbiz/ (last visited November 2, 2022).

charging order. *Strategic Marketing, Inc. v. Great Blue Heron Software*, No. 15-cv-80032 (ECF No. 338) (S.D. Fla. Jan. 19, 2017) (granting an unopposed motion for a charging order that was supported by corporate registration documents from Sunbiz). Accordingly, the Court recommends that any and all distributions, transfers, amounts owed and/or payable to Moshe Dunoff, by or on behalf of Dunoff Holdings, shall be paid to the Judgment Creditors c/o their counsel in this action, Landau Law, PLLC, 3010 N. Military Trail, Suite 318, Boca Raton, Florida 33431.

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Judgment Creditors' Motion be **GRANTED** and a charging order should be issued as to Moshe Dunoff's interest in Dunoff Holdings.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers this 11th day of November, 2022.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Darrin P. Gayles
      Counsel of Record