UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-24680-GAYLES/LOUIS

**LIVING TREE LABORATORIES, LLC**,

    Plaintiff and Counter-Defendant,

v.

**UNITED HEALTHCARE SERVICES, INC., et al.**,

    Defendants and Counter-Plaintiffs,

v.

**LIVING TREE LABORATORIES, LLC,
A NEW START, INC., and MOSHE DUNOFF**,

    Counter-Defendant and Third-Party
    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Lauren Fleischer Louis' Report and Recommendations (the "Report") [ECF No. 352] regarding Judgment Creditors United Healthcare Services, Inc., OptumInsight, Inc., United Behavioral Health, Inc., and UnitedHealth Group, Inc.'s Motion for Charging Order Against Moshe Dunoff's Membership Interests in Dunoff Holdings, LLC (the "Motion") [ECF No. 347]. The Court referred the Motion to Judge Louis for a ruling pursuant to 28 U.S.C. § 636. [ECF Nos. 35, 223, 327]. On November 11, 2022, Judge Louis issued her Report recommending that the Motion be granted. No objections were filed.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

objections are made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objections are made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having reviewed the Report for clear error, the Court agrees with Judge Louis' well-reasoned analysis and conclusions that the Motion should be granted and that a charging order should be issued.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Lauren Fleischer Louis' Report and Recommendations, [ECF No. 352], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

2. Judgment Creditors' Motion for Charging Order Against Moshe Dunoff's Membership Interests in Dunoff Holdings, LLC, [ECF No. 347], is **GRANTED**.

3. Any and all interests of Moshe Dunoff in Dunoff Holdings (the "Interests") are subject to this Charging Order for the benefit of the Judgment Creditors.

4. The Interests are charged with payment of the Judgment with interest and shall not be transferred except for payment of the Judgment, until the Judgment is paid in full.

5. Any and all distributions, transfers, amounts owed and/or payable to Moshe Dunoff, by or on behalf of Dunoff Holdings, shall be paid to the Judgment Creditors

        c/o their counsel in this action, Landau Law, PLLC, 3010 N. Military Trail, Suite 318, Boca Raton, Florida 33431.

6. Moshe Dunoff will be discharged from his obligation to the Judgment Creditors to the extent of any amounts so paid to the Judgment Creditors, until all amounts owed pursuant to the Judgment are paid in full.

7. This Charging Order shall remain binding on the Interests until such further order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of November, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE